UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THE ESTATE OF TIMOTHY SCOTT CHRISMAN, B/T ITS PERSONAL REPRESENTATIVE, BECKY CHRISMAN, KC AND CC, MINORS, B/T THEIR MOTHER AND NEXT FRIEND, JENNIFER GAW, BECKY CHRISMAN, INDIVIDUALLY AND RON CHRISMAN, INDIVIDUALLY, <br><br> Plaintiffs, <br><br> vs. <br><br> THE CITY OF LOUISIANA, MO, <br><br> JODY BLAYLOCK, Individually, <br><br> BRIAN RICHARDSON, Individually, <br><br> Defendants. | Cause No. 4:11-cv-00848 CDP <br><br> Jury Trial Demanded |

## SECOND AMENDED COMPLAINT

COME NOW Plaintiffs, The Estate of Timothy Chrisman, by its Personal Representative, Becky Chrisman, KC and CC, Minors, by their Mother and Next Friend, Jennifer Gaw, Becky Chrisman, Individually, and Ron Chrisman, Individually, by and through their attorneys, DAVID J. FERMAN and STEPHEN M. RYALS, and for their causes of action, state:

1

## INTRODUCTION

1.      On or about October 30, 2010, Timothy Scott Chrisman was shot in the back of the head and killed during the course of a pursuit and stop by the City of Louisiana, Missouri Police Department Officers Jody Blaylock and Ryan Richardson, at a time when Timothy Scott Chrisman posed no threat to the Officers or to anyone else.

## JURISDICTION AND VENUE

2.      This Court has Jurisdiction of this action pursuant to 28 U.S.C. Section 1331 and Section 1343.  This cause is brought pursuant to 42 U.S.C. Section 1983.  Plaintiffs invoke the Supplemental Jurisdiction of the Court to hear and decide claims asserted pursuant to Missouri state law.

3.      Venue is proper under 28 U.S.C. Section 1391 (b) in that all parties to this action reside in the Federal Judicial District of the Eastern District of Missouri and the events giving rise to the claims asserted herein occurred within the District.

## PARTIES

4.      Plaintiffs Becky Chrisman and Ron Chrisman are the mother and father of Timothy Scott Chrisman.

5.      Jennifer Gaw, is the Mother and Next Friend of KC and CC who are the natural children of the decedent, Timothy Scott Chrisman.

6.      Timothy Scott Chrisman was a single person when he died. As such, Becky Chrisman is a proper party to assert the claims under 42 U.S.C. Section 1983 for the death of her son,

Timothy Scott Chrisman.  *Andrews v. Neer,* 253 F. 3d 1052, (8th Cir. 2001).  Becky Chrisman is also the Personal Representative of the Estate of Timothy Scott Chrisman (No. 11AU-PR00200, Audrain County, Missouri).

7. At all relevant times, Defendant Jody Blaylock was a sworn Peace Officer, employed as a police officer by the City of Louisiana, Missouri and was acting under color of law.  Defendant Jody Blaylock is sued in his individual capacity.

8. At all relevant times, Defendant Brian Richardson was a sworn Peace Officer, employed as a police officer by the City of Louisiana, Missouri and was acting under color of law. Defendant Richardson is sued in his individual capacity.

9. At all relevant times, the City of Louisiana, Missouri was a municipal corporation, incorporated pursuant to the laws of the State of Missouri.

## FACTS

10. On or about October 30, 2010, Defendants Blaylock and Richardson, while on duty and acting in the course and scope of their employment with the City of Louisiana, Missouri Police Department and acting under color of law began pursuit of a truck being driven by the decedent, Timothy Scott Chrisman.  The Defendant Police Officers were driving separate cars.

11. The truck being driven by the decedent Timothy Scott Chrisman came to a stop and each Defendant Officer alighted from his car and approached the truck.

12. Thereafter, the Defendants, Blaylock and Richardson, acting individually and together and in concert, discharged their handguns while pointed at Timothy Scott Chrisman. Upon

information and belief, one round fired from one of the defendant officers' weapons struck Timothy Scott Chrisman in the abdomen.

13.     Having been wounded by gunfire, Timothy Scott Chrisman began to leave the area where he was being shot at and drove forward, turning his truck to the right and away from Defendant officers Blaylock and Richardson.

14.      As Timothy Scott Chrisman continued to turn his truck to the right, he complete a U-Turn, reversing his course from generally Northbound to generally Southbound and drove toward an abandoned factory concrete foundation that lead to an open field.  As Mr. Chrisman headed Southbound, he was driving toward an area with no human habitation and toward a stand of woods backed by a railroad track.

15.     As Timothy Scott Chrisman turned away from Defendants Blaylock and Richardson, and drove forward making a right U-turn, Mr. Chrisman did not present an immediate threat of serious harm to the officers or threat of serious harm to anyone else.

16.     At some point in time after Timothy Scott Chrisman began to travel away from the officers toward the abandoned factory foundation and the open field, and when Mr. Chrisman did not present an immediate threat of serious harm to the officers or threat of serious harm to anyone else, one or both of the Defendant Police Officers continued or resumed discharging their weapons at Mr. Chrisman.

17.      A bullet from one of the Defendants' weapons struck the back of Timothy Scott Chrisman's head at a time when Mr. Chrisman did not present an immediate threat of serious harm to the officers or threat of serious harm to anyone else.

18. Timothy Scott Chrisman died as a direct and proximate result of the gunshot wound to his head fired from the weapon of either Defendant Blaylock and Richardson

<u>**COUNT I**</u>
<u>**42 U.S.C. Section 1983-Use of Excessive Force Causing Death**</u>
<u>**in Violation of the Fourth and Fourteenth Amendments**</u>
<u>**Against Defendants Blaylock and Richardson**</u>

19. Plaintiffs hereby incorporate by reference, as if fully set forth herein, Paragraphs 1 through 18 of this Second Amended Complaint.

20. When Officers Blaylock and Richardson discharged their weapons at Timothy Scott Chrisman, each of them was employing deadly force.

21. The use of deadly force by one or both officers as aforedescribed, was unreasonable and in violation of the rights of Timothy Scott Chrisman protected by the Fourth and Fourteenth Amendments to the United States Constitution.

22. As a result of the unreasonable use of force, Timothy Scott Chrisman was injured and died of the gunshot wound to the back of his head.  As such, he suffered damages.

23. As a result of the unreasonable use of force by one or both Defendant officers, Plaintiffs KC and CC and Becky and Ron Chrisman were deprived of the society, comfort, companionship, service, counsel, economic support and non-economic support, of their father and son and thereby suffered damages.

24. The misconduct described in this count was willful, wanton and malicious and exhibited a reckless indifference or conscious disregard for the safety, well being and rights of others justifying an award of damages.

25.     Each Plaintiff who prevails is entitled to an award of attorney fees pursuant to 42 U.S.C. Section 1988.

WHEREFORE, Plaintiffs and each of them pray for judgment against Defendants Blaylock and Richardson for compensatory damages in an amount that is fair and reasonable, for punitive damages where permitted by law, for attorney fees and for such further relief as may be just and proper.

## COUNT II
## 42 U.S.C. Section 1983-Use of Excessive Force
## in Violation of the Fourth and Fourteenth Amendments
## Against Defendant City of Louisiana

26.     Plaintiffs hereby incorporate by reference, as if fully set forth herein, Paragraphs 1 through 25 of this Second Amended Complaint.

27.     The City of Louisiana is authorized by law to create and maintain a police department, which it has done.  Along with the power to police the citizenry, the City of Louisiana has the duty to take the steps necessary to assure that the police officers in its employ are adequately screened prior to hiring, trained prior to hiring and while in the employ of the City of Louisiana as sworn peace officers, supervised in the performance of their duties and when called for, corrected by way of discipline, re-training or closer supervision.

28.     The City of Louisiana has failed to discharge these duties in ways specifically germane to this cause.

29.     In its failure to discharge its duties, the City of Louisiana has been deliberately indifferent to the rights of those who encounter the police officers employed by the City of Louisiana.

30.  The failure to discharge its duties has been the result of a deliberate or conscious choice on the part of the City of Louisiana.

31.  The failure to discharge its duties was the cause of the actions that violated the Constitutional rights of Timothy Scott Chrisman and caused the losses suffered by Becky and Ron Chrisman and KC and CC.

32.  The Chief of Police for the City of Louisiana Police Department makes policy for the City of Louisiana in matters relating to operation of the police department including, but not limited to the training, supervision and corrective actions affecting the police officers of the City of Louisiana Police Department.

33.  Specifically germane to this cause, the police officers of the City of Louisiana Police Department had not received firearms qualification or training for two years prior to October 30, 2010.

34.  Also, specifically germane to this cause, Defendant Blaylock was, on multiple occasions, heard to say words to the effect that he was "going to bust a cap in someone's ass," or was "going to shoot someone today," or was "going to kill someone today." These statements were made both before and after October 30, 2010.

35.  Further, specifically germane to this cause, Defendant Blaylock was heard to claim that he had been a member of the Navy SEALS and that he had nine "confirmed kills" in combat operations. On his Facebook page, Defendant Blaylock had photos of weapons and a poster or placard that read, "Don't Run. You'll Just Die Tired."

36. In light of the duties assigned to all of the City of Louisiana Police Officers, the failure to provide recurrent firearms training reflected deliberate indifference to the rights of people who would encounter Louisiana officers.

37. At the time of the shooting of Timothy Scott Chrisman, Officer Blaylock was assigned to uniformed patrol duties.  The City of Louisiana is a small, rural town with a dearth of Part I crimes.   Generally, officers respond to calls for service and conduct traffic enforcement.

38. The City of Louisiana knew or should have been aware that Officer Blaylock required close supervision, re-training or corrective action as a result of his aggressiveness and expressed cavalier attitude about the use of force and the use of deadly force.

39. In light of specific indicators that Officer Blaylock had an inappropriately aggressive attitude for one policing a civilian population and a cavalier attitude about the use of force and the use of deadly force, the City of Louisiana was deliberately indifferent to the need to more closely supervise, re-train or correct Defendant Blaylock.

40. As a result of the unreasonable use of force, Timothy Scott Chrisman died of the gunshot wound to the back of his head.  As such, he suffered damages.

41. As a result of the unreasonable use of force by one or both Defendant officers, Plaintiffs KC and CC and Becky and Ron Chrisman suffered damages.

42. Each Plaintiff who prevails is entitled to an award of attorney fees pursuant to 42 U.S.C. Section 1988.

WHEREFORE, plaintiffs pray for judgment against the City of Louisiana for compensatory damages in an amount that is fair and reasonable, for attorney fees and for such further relief as may be just and proper.

## COUNT III
### Wrongful Death – Missouri Revised Statutes Section 537.080

43.     Plaintiffs incorporate herein paragraphs 1 through 42 of this complaint as it fully set forth herein.

44.     Plaintiff, Becky Chrisman is entitled to recover, on behalf of the class of individuals identified in Section 537.080 RSMo.

45.     The conduct of Defendants Richardson and Blaylock, acting alone and together and in concert constituted assault and a battery against Timothy Scott Chrisman.

46.     The Battery of Timothy Scott Chrisman resulted in his immediate death.  As such a claim for his death is cognizable pursuant the Missouri Wrongful Death Act, Section 537.080 et. seq. RSMo.

47.     Due to the actions of Defendants as described herein, Plaintiffs have been deprived of their husband, father and son's society, comfort, companionship, service, counsel, economic support and non-economic support and are entitled to damages as set forth in Missouri Revised Statutes Section 537.080.

WHEREFORE, Plaintiffs pray for a Judgment against the Defendants in a fair and reasonable amount to compensate them for their loss, for punitive damages, for their attorney's fees and costs and for further relief as this court deems just and proper.

Respectfully submitted,

By:*/s/ Stephen M. Ryals*
Stephen M. Ryals, 34149MO
The Ryals Law Firm, P.C.
3120 Locust Street
St. Louis, MO  63103
Fax:  (314) 880-2027
E-Mail:  ryals@rblawstl.com
Attorney for Plaintiffs

By:*/s/ David J. Ferman*
David J. Ferman, 36121MO
David J. Ferman, L.L.C
7733 Forsyth Boulevard
Suite 2000
Clayton, MO 63105
Fax: (314) 862-1272
E-Mail:  dfermanesq@aol.com
Attorney for Plaintiffs

**CERTIFICATE OF SERVICE**

The undersigned hereby states that on this 16th day of April, 2012, a true and correct copy of the foregoing was filed with the Court via the CM/ECF system and thus, served upon all counsel of record, including:

D. Keith Henson
Paule, Camazine & Blumethal
165 North Meramec Avenue
Suite 110
Clayton, MO  63105
Facsimile:   (314) 727-2101
Email:  khenson@pcblawfirm.com
Attorney for Defendants

*/S/ Stephen M. Ryals*
Stephen M. Ryals